UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARK SCHLESINGER and HEATHER
SCHLESINGER,

              *Pro Se* Plaintiffs,

   -against-                                 **ORDER**
                                                     19-CV-3746 (JMA) (GRB)

DEUTSCHE BANK NATIONAL TRUST
COMPANY, *as Trustee of The Home Equity
Mortgage Loan Asset-backed Trust Series
INABS 2007-B, Home Equity Mortgage Loan
Asset-backed Certificates, Series INABS
2007-B Under Pooling and Servicing
Agreement Dated June 1, 2007*, and
Ocwen Loan Servicing, LLC,

              Defendants.
----------------------------------------------------------X

**AZRACK, United States District Judge:**

       On December 24, 2018, pro se plaintiffs Mark Schlesinger and Heather Schlesinger (collectively, "Plaintiffs") commenced a civil action in Nassau County Supreme Court against defendants Deutsche Bank National Trust Company and Ocwen Loan Servicing, LLC (collectively, "Defendants") for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1635, et seq. On June 27, 2019, Defendants removed this case from Nassau County Supreme Court to this Court. (ECF No. 1.)

       On July 1, 2019, Defendants filed a letter requesting a pre-motion conference concerning a motion to dismiss. (ECF No. 8.) Plaintiffs never responded to the letter. On July 24, 2019, the Court issued an Order directing the Plaintiffs to file a response to the pre-motion conference letter by August 2, 2019. Plaintiffs were warned that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the Order was mailed to Plaintiffs at the address listed on the docket sheet. Plaintiffs never filed a response.

On August 16, 2019, this Court issued a second Order directing Plaintiffs to file a response to the pre-motion conference letter by August 30, 2019. Plaintiffs were warned that failure to comply would result in dismissal of the case for failure to prosecute. A copy of the Order was mailed to Plaintiffs at the address listed on the docket sheet. To date, Plaintiffs has not responded to the pre-motion conference letter or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

After the Court afforded Plaintiffs multiple opportunities to do so, Plaintiffs have failed to respond to the pre-motion conference letter and the Court's Orders. The Court warned Plaintiffs that failure to respond could result in the dismissal of the case. Plaintiffs' failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case.

The Clerk of Court is directed to mail a copy of this Order to the Plaintiffs.

**SO ORDERED.**
Dated: September 13, 2019
Central Islip, New York

                                        /s/ JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE